**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arlene Mitchell, | No. CV 12-2195-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff applied for and was denied social security disability benefits. Plaintiff appealed that denial to this Court. Defendant has conceded error and seeks to have this case remanded for further evaluation and a new determination. Plaintiff agrees remand is appropriate, but seeks an immediate award of benefits on remand.

Defendant argues that remand for a further evaluation is necessary because the Administrative Law Judge (ALJ) inappropriately relied on the testimony of John Prieve, D.O. Defendant argues that reliance on such testimony was in error because Dr. Prieve's medical license was suspended in Massachusetts; and under 20 C.F.R. § 404.1503a the ALJ cannot use the opinions of an individual whose license is revoked or suspended. Because of this error, Defendant seeks remand to:

> (1) re-evaluate Plaintiff's residual functional capacity in light of the record as a whole exclusive of consultative examiner Dr. Prieve's opinion and, if warranted, order another consultative examination; (2) obtain vocational expert testimony to clarify the effect of the newly-assessed limitations on Plaintiff's occupational base; and (3) consider the lay witness statement submitted by

1 Plaintiff's husband that is contained in the record.

2 Doc . 21 at 3.

3 Plaintiff agrees that reliance of Dr. Prieve's opinion was in error. However, Plaintiff 4 argues that such error (in addition to other errors) necessitates a remand for an immediate 5 award of benefits. First, Plaintiff argues that if the ALJ could not rely on Dr. Prieve's 6 opinions, then the ALJ did not have conflicting evidence on which to base his rejection of 7 Plaintiff's doctors' opinions. Thus, Plaintiff concludes that Plaintiff's doctors' opinions must 8 be given controlling weight.

9 This Court disagrees that the ALJ's reliance on Dr. Prieve's opinion mandates that 10 controlling weight be given to Drs. Jajoo and Alfich.[1] The error of using Dr. Prieve lies with 11 the social security administration (SSA), not the ALJ. *See Minton v. Astrue*, 2012 WL 12 1019591, *2 (D. Ariz. March 26, 2012). Thus, this Court will not remand for an award of 13 benefits based on a deficiency in the ALJ's decision when there was no deficiency. 14 Moreover, "a remand for immediate benefits solely based on the SSA's use of Dr. Prieve is 15 inappropriate. *See Strauss v. Comm'r of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th 16 Cir.2011) ('claimant is not entitled to benefits under the statute unless the claimant is, in fact, 17 disabled')." *Id.*

18 Second, Plaintiff argues that the ALJ did not properly reject her symptom testimony 19 and thus, the testimony should be credited as true. Assuming credit as true is the proper 20 standard,[2] in this case the ALJ properly rejected Plaintiff's testimony regarding her 21 symptoms. Specifically, the ALJ found evidence of exaggeration of the symptoms (i.e. 22 malingering) because Plaintiff sought work as soon as her insured status expired. Further, 23 the ALJ gave specific reasons for rejecting Plaintiff's symptom testimony: (1) Dr. Prieve's

---

25   [1] Plaintiff agrees that Dr. Sokolowski is not entitled to controlling weight.

27   [2] *See Agnew-Currie v. Astrue*, 875 F.Supp.2d 967 (D. Ariz. 2012) (finding the application of credit-as-true to be discretionary).

28

- 2 -

1 examination findings and (2) the fact that other medical evidence did not corroborate 2 Plaintiff's seizure testimony. Thus, this Court will not remand for an award of benefits based 3 on Plaintiff's symptom testimony.

4 Third, Plaintiff argues that the ALJ erred in not explaining why he did not credit 5 Plaintiff's husband's testimony regarding her symptoms. Defendant seems to agree that the 6 ALJ's failure to mention this testimony was error. Specifically, Defendant seems to agree 7 because this testimony is the third item Defendant seeks to have the ALJ consider on remand.

8 The Court agrees that the Ninth Circuit Court of Appeals has held that the ALJ must 9 give reasons for why the ALJ rejected the lay witness testimony. However, Plaintiff has 10 cited no case which states that the failure of the ALJ to give such reasons requires that 11 testimony to be credited as true or that this Court should base on award of benefits solely on 12 such testimony. Therefore, remand for the ALJ to properly consider the testimony, as 13 opposed to a remand for award of benefits, appears to be the proper remedy for this error by 14 the ALJ.[3]

15 Based on the foregoing,

16 **IT IS ORDERED** that Defendant's motion to remand (Doc. 20) is granted. On 17 remand, the ALJ shall make a de novo determination of Plaintiff's eligibility for benefits 18 after considering the three topics on which Defendant requested remand as quoted above. 19 The Clerk of the Court shall enter judgment consistent with this opinion.

20 DATED this 10th day of January, 2014.

James A. Teilborg
Senior United States District Judge

---

25 [3] Further, even if the lay witness' testimony was credited, it seems inconsistent with 26 *Strauss* to award benefits to a claimant whose disability determination is premised solely on the observation testimony of a lay witness. *See Strauss*, 635 F.3d at 1138 ("claimant is not 27 entitled to benefits under the statute unless the claimant is, in fact, disabled").

- 3 -