**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Arlene Mitchell, | ) | No. CV 12-2195-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Carolyn Colvin, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff appealed the Commissioner's denial of her application for social security disability benefits to this Court. On appeal, the Commissioner conceded error and moved to remand this case to the agency for further proceedings. Docs. 20, 21. Plaintiff opposed the motion on the grounds that she sought remand for an immediate award of benefits. Doc. 22. This Court granted Defendant's motion and remanded for further proceedings. Doc. 23.

Thereafter Plaintiff moved for attorney's fees under the Equal Access to Justice Act. Doc. 25. Defendant does not oppose the request for fees, but argues that Plaintiff is not entitled to fees expended in opposing Defendant's motion to remand. Doc. 26. Plaintiff replies and argues that she is entitle to fees for pursuing that remedy and seeks additional fees for having to reply to the motion for attorney's fees. Doc. 27.

The Court will grant to the motion for attorney's fees to the extent it is unopposed. Specifically, Defendant does not oppose that Plaintiff is entitled to $4,741.12 in fees. Doc. 26 at 4. Further, the Court agrees that such fees are payable to Plaintiff, not her counsel. *See*

1  *id* at n.2; Doc . 27 at 7.

2  Thus, all that is at issue is whether Plaintiff is entitled to fees for the 9.6 hours
3  expending in opposing Defendant's motion to remand and the 2 hours expended in filing a
4  reply to Defendant's response to Plaintiff's motion for attorney's fees.  The parties appear
5  to agree that this Court should award fees only for time "reasonably" expended on the case.
6  Doc. 27 at 3; Doc. 26 at 2-3.  Accordingly, the issue is whether it was reasonable for Plaintiff
7  to oppose the motion to remand on the basis that she believed the Court should remand for
8  an immediate award of benefits (and whether her seeking attorney's fees for pursuing her
9  attorney's fees on this issue is also reasonable).

10  Here, the Court agrees with Defendant that the fees expended in opposing remand
11  were not reasonably expended.  While it is true the agency relied on a doctor who, under the
12  regulations, the agency was not allowed to rely on, this Court did not find that the ALJ's
13  opinion itself contained any errors.  Doc. 23.  Accordingly, Plaintiff should have reasonably
14  anticipated that further development of the record would be the result.  Further, the Court
15  cannot find that the agency's position in relying on that doctor was "not substantially
16  justified" when the agency, on appeal, withdrew such reliance.  Therefore, the Court will
17  reduce Plaintiff's request for fees as suggested by Defendant.

18  Based on the foregoing,

19  **IT IS ORDERED** that Plaintiff's motion for attorney's fees (Doc. 25) is granted in
20  part and denied in part.  Plaintiff is awarded $4,741.12 in attorney's fees, which are payable
21  to Plaintiff personally.

22  DATED this 19th day of May, 2014.

_____
James A. Teilborg
Senior United States District Judge

- 2 -